UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| EUGENE WELLS, | ) | |
| --- | --- | --- |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:14 CV 1748 |
| | ) | |
| SUPERINTENDENT, | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Eugene Wells, a *pro se* prisoner, filed this habeas corpus petition challenging the prison disciplinary hearing (WCC 13-09-207) that was held at the Westville Correctional Facility on January 21, 2014. The Disciplinary Hearing Body (DHB) found him guilty of Assault on Staff in violation of A-117 and sanctioned him with the loss of 365 days earned credit time. Wells raises four grounds in his petition.

First, he argues that the hearing officer was not impartial because it was the same officer who had heard the original case against him before his adminstative appeal resulted in a rehearing.

> An inmate facing disciplinary charges has the right to an impartial decisionmaker. *Wolff*, 418 U.S. at 571. But "the constitutional standard for impermissible bias is high," *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003), and an adjudicator is entitled to a presumption of "honesty and integrity" absent clear evidence to the contrary, *see Withrow v. Larkin*, 421 U.S. 35, 47, 95 S. Ct. 1456, 43 L. Ed. 2d 712 (1975). Due process requires disqualification of a decisionmaker who was directly or substantially involved in the underlying incident, *Gaither*, 236 F.3d at 820, and we have assumed that a decisionmaker might likewise be impermissibly biased if his spouse is a crucial witness in the proceeding, *see Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002). A hearing officer is not automatically deemed biased, however, simply because he adjudicated or was involved in a previous disciplinary charge against the prisoner. *See Piggie*, 342 F.3d at 666-67; *Pannell*, 306 F.3d at 502.

*Perotti v. Marberry*, 355 Fed. Appx. 39, 43 (7th Cir. 2009). Here, Wells has not alleged that the hearing officer was in any way involved in the underlying incident. Rather, his sole allegation is that the hearing officer had previously adjudicated a case against him – albeit the same case which was subsequently remanded for a new hearing. Nevertheless, previous involvement with prior hearings does not make the hearing officer presumptively biased. Indeed, both State and federal judges commonly preside over cases remanded for retrial. Therefore Ground One is not a basis for habeas corpus relief.

Second, Wells argues that he was denied the ability to obtain a witness statement from Sgt. Gentry. Though an inmate has a right to present relevant, exculpatory evidence, *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974), "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits." *Id.* at 556. Here, the conduct report was written by Sgt. Gentry and thus Wells was not denied the opportunity to have the DHB consider his testimony. Though Wells was prevented from questioning Sgt. Gentry about the report, an inmate in a prison disciplinary hearing has no right to confront or cross-examine witnesses. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003); *see Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) ("Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply"). Ground Two is not a basis for habeas corpus relief.

Third, Wells argues that he was found guilty of Assault with a Weapon in violation of A-102 even though there was no evidence he had a weapon. Perhaps that was the finding during his first hearing, but that is not what happened during the rehearing that is at issue in this habeas corpus proceeding. Here, the DHB found Wells guilty of Assault on

Staff in violation of A-117. (DE #2 at 6.) This charge does not require a weapon. Moreover, the facts reported in the Conduct Report state that Wells "threw his shower shoe out of the cuff port and struck Officer Major above the left eye." (DE #2 at 4.) Though shower shoes are not traditionally considered weapons, here Wells used the shower shoe as a weapon. Therefore Ground Three is not a basis for habeas corpus relief.

Fourth, Wells argues that the sanctions were excessive because he was punished more harshly during the rehearing than he was during the original hearing. However, harshness is not a valid basis for challenging a DHB punishment that is within the range of the offence for which the inmate was found guilty. *Cf. United States ex rel. Long v. Pate*, 418 F.2d 1028, 1031 (7th Cir. 1970) (Where a sentence is "within the range established by the legislature . . . this court will not [on habeas corpus review] question the trial judge's discretion in imposing sentence, nor will it question the refusal of the Illinois Supreme Court to reconsider appellant's petition for reduction of sentence.") Here, the punishment imposed was within the limits permitted by The Disciplinary Code for Adult Offenders.[*] Therefore Ground Four is not a basis for habeas corpus relief.

For these reasons, the habeas corpus petition is **DENIED** pursuant to Section 2254 Habeas Corpus Rule 4. This case is **DISMISSED**.

                                                    **SO ORDERED.**

Date: July 21, 2015

                                        s/James T. Moody
                                        JUDGE JAMES T. MOODY
                                        UNITED STATES DISTRICT COURT

---

[*] Violations of A-117 may be punished with the loss of 12 months earned credit time "with justification from the Hearing Officer." Policy 02-04-101 at 37. *See* http://www.in.gov/idoc/3265.htm. The conduct report notes that Wells caused a severe injury resulting in $3,232.41 in medical bills.